IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL TEDESCHI II,

        Plaintiff,        CASE NO. 2:15-cv-201-GJQ-TPG

v.

LVNV FUNDING LLC,

        Defendant.

## ANSWER OF DEFENDANT LVNV FUNDING LLC

Defendant LVNV Funding LLC ("LVNV" or "Defendant"), as and for its Answer to the Complaint of Plaintiff Michael Tedeschi II ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1. Plaintiff brings this action against the Defendant debt collectors, seeking damages and equitable relief, to redress the Defendants' systemic violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., violations of the Fair Credit Reporting Act ("FCRA"), violations of the Michigan Occupational Code, M.C.L. § 339.901 ("MOC").

**Answer:  Defendant admits that Plaintiff brings the claims as alleged, but denies that it violated any law.**

### Parties

2. Plaintiff Michael Tedeschi II, ("TEDESCHI"), is a citizen of Michigan residing in Marquette, Michigan. Mr. Tedeschi is a "consumer" and "person" as that term

is defined by 15 U.S.C. § 1692a(3) and § 1681a(b) and (c), and a "consumer," "debtor," and "person" as the terms are defined and used in the MOC.

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 2 of Plaintiff's Complaint.**

3.   Defendant LVNV Funding, LLC ("LVNV") is a South Carolina-based Domestic Limited Liability Corporation whose registered agent is CSC- Lawyers Incorporating Service/ their registered office address is located at 601 Abbot Road in East Lansing, Michigan 48823. LVNV uses interstate commerce and the mails in a business whose principal purpose is the collection of debt. LVNV regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another. LVNV is a "debt collector" as the term is defined and used in the FDCPA. LVNV is a "furnisher", an entity that furnishes information in relation to consumers to one or more credit reporting agencies for inclusion in a consumer report as defined and used in the FCRA. LVNV is a "collection agency" as defined by the MOC.

**Answer: Defendant admits that it furnishes credit information and that its registered agent is alleged.  Defendant denies remaining allegations.**

## Jurisdiction and Venue

4.   This Court has jurisdiction under 15 U.S.C. 1692 et seq., (FDCPA), 15 U.S.C. 1681 et seq., (FCRA). Venue in this jurisdiction is proper because the Defendants transact business here, the pertinent events took place here, and the Plaintiff resides here.

**Answer: Defendant denies that it transacts business in this district but admits that the referenced statues provide for jurisdiction before this Honorable Court.**

## General Allegations

5. On or about 19 January 2015, TEDESCHI disputed the validity and accuracy of the LVNV furnished information with Equifax, Experian and Trans Union, the three major credit reporting agencies. (Exhibit(s) 1, 2, and 3) TEDESCHI dispute letters DEMANDS the removal of the trade line as provided under FCRA § 1681(s-2)(b)(1)(E). TEDESCHI disputes the validity and accuracy of the entries denying ownership of any LVNV account, denying any communication received from LVNV in regard to any account, denying receipt of any notice of adverse/negative information to be entered into his credit file, that he was not provided any notice of the alleged debt or his rights to validate and dispute the alleged debt prior to an entry being made to his credit report. TEDESCHI clearly and in plain language provides notice that LVNV had violated his rights and DEMANDS deletion of LVNV from his credit report. TEDESCHI further advises in no uncertain terms, that "reasonable investigations" are required "not just a mere cursory review, but a thorough analysis and review of all relevant information."

**Answer: Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.**

6. Equifax report dated January 30, 2015, Confirmation # 5029003856 indicates the results of the investigation, the account verified but historical data removed. (Exhibit 4) By this action, LVNV after being provided ample warning did violate the FCRA in that, LVNV failed to conduct a reasonable investigation FCRA § 1681(s-2)(b)(1)(A), review all relevant information FCRA § 1681(s-2)(b)(1)(B) , delete information it knew or should have known was inaccurate FCRA § 1681(s-2)(b)(1)(E) then failed to report the results to all other consumer reporting agencies FCRA § 1681(s-2)(b)(1)(D).

**Answer: Defendant has insufficient information and knowledge as to Equifax's report, but denies that it violated any law.**

7. Trans Union report 349618269 (Exhibit 5) dated February 5, 2015 indicates new information on LVNV trade line, By this action, LVNV after being provided ample warning did violate the FCRA in that, LVNV failed to conduct a reasonable investigation FCRA § 1681(s-2)(b)(1)(A), review all relevant information FCRA § 1681(s-2)(b)(1)(B) , delete information it knew or should have known was inaccurate FCRA § 1681(s-2)(b)(1)(E) then report the results to all other consumer reporting agencies FCRA § 1681(s-2)(b)(1)(D).

**Answer: Defendant has insufficient information and knowledge as to Trans Union's report, but denies that it violated any law.**

8. On Trans Union report 349618269 LVNV inaccurately reports a balance of $830 on the collection account, with an original amount of $696. The original creditor trade line (Credit One Bank) directly above shows a high balance of only $650. The account is also listed under type as "open" account, which it is NOT, the account was purchased after default, an thus should be classified as a "collection" account. By this action, LVNV after being provided ample warning did violate the FCRA in that, LVNV failed to conduct a reasonable investigation FCRA § 1681(s-2)(b)(1)(A), review all relevant information FCRA § 1681(s-2)(b)(1)(B) , delete information it knew or should have known was inaccurate FCRA § 1681(s-2)(b)(1)(E) then report the results to all other consumer reporting agencies FCRA § 1681(s-2)(b)(1)(D).

**Answer: Defendant has insufficient information and knowledge as to Trans Union's report, but denies that it violated any law.**

9. Experian in Report # 1193-5598-58 dated February 2, 2015 (Exhibit 6) cite "updated" data in reference to the LVNV trade line. By this action, LVNV after being provided ample warning did violate the FCRA in that, LVNV failed to conduct a reasonable investigation FCRA § 1681(s-2)(b)(1)(A), review all relevant information FCRA § 1681(s-2)(b)(1)(B) , delete information it knew or should have known was

inaccurate FCRA § 1681(s-2)(b)(1)(E) then report the results to all other consumer reporting agencies FCRA § 1681(s-2)(b)(1)(D).

**Answer: Defendant has insufficient information and knowledge as to Experian's report, but denies that it violated any law.**

10.     On Experian #1193-5598-58 exhibits numerous inaccurate entries. LVNC now reports a balance of $829, the fourth different amount reported for the alleged account contradicting the data entered on Equifax #349618269. LVNV indicates the FIRST REPORTED date as Feb 2015, further inaccuracy as its presence is what caused TEDESCHI to file the initial disputes of January 19th, 2015 (Exhibit 2). LVNV has added false, inaccurate historical data as shown below, the account balance rising, falling and duplicate entries for the same month but in different amounts.

| | |
|---|---|
| May 13  721 | Mar 14  707 |
| Jun 13  732 | Apr 14  719 |
| Jul 13  743 | May 14  728 |
| Aug 13  756 | Jun 14  739 |
| Sep 13  767 | Jul 14  758 |
| Oct 13  777 | Aug 14  768 |
| Nov 13  791 | Sep 14  782 |
| Dec 13  791 | Nov 14  795* Oct does not appear |
| Jan 14  815 | Dec 14  806 |
| Feb 14  826 | Dec 14  815** Dec appears twice |

These entries alone constitute twenty errors verified as correct by LVNV. By this action, LVNV further violate the FCRA in that, LVNV failed to conduct a reasonable investigation FCRA § 1681(s-2)(b)(1)(A), review all relevant information FCRA § 1681(s-2)(b)(1)(B) , delete information it knew or should have known was inaccurate FCRA § 1681(s-2)(b)(1)(E) then report the results to all other consumer reporting agencies FCRA § 1681(s-2)(b)(1)(D).

3069854v1

**Answer:  Defendant has insufficient information and knowledge as to Experian's report, but denies that it violated any law.**

11.     On or about 16 February 2015 TEDESCHI did again dispute LVNV trade line with Equifax (Exhibit 7). Equifax response dated March 6th, 2015 (Exhibit 8) show LVNV verified and validated the unauthorized account data a fourth time. LVNV trade line data of the response (Exhibit 9) contains contradictory dates and amounts due to all other previous credit files. This represents the fourth time the account and its inaccuracies were disputed LVNV continues NOT to conduct a reasonable investigation FCRA § 1681(s-2)(b)(1)(A), review all relevant information FCRA § 1681(s-2)(b)(1)(B) , delete information it knew or should have known was inaccurate FCRA § 1681(s-2)(b)(1)(E) then report the results to all other consumer reporting agencies FCRA § 1681(s-2)(b)(1)(D).

**Answer:  Defendant has insufficient information and knowledge as to Equifax's report, but denies that it violated any law.**

12.     On or about 20 February 2015 TEDESCHI did again dispute LVNV data with Trans Union (Exhibit 10). Trans Unions response report #349618269 of March 10, 2015 (Exhibit 11) continues to report the account, and now reflects a balance of $712 contradictory to the previous Trans Union report 349618269 (Exhibit 5) dated February 5, 2015 of $830 alleged to be owed. LVNV failing a fifth time to respond to a legitimate dispute properly in continued violations of the FCRA.

**Answer:  Defendant has insufficient information and knowledge as to Trans Union's report, but denies that it violated any law.**

13.     TEDESCHI obtains a copy of his Experian credit report # 0675-2566-04 dated 12 November 2015 (Exhibit 12). LVNV continues to report inaccurate data, now indicating the FIRST REPORTED date as Mar 2015, contradictory to that reported to Equifax and incorrect. The account history again shows a roller coaster of balance owed amounts rising, falling then static but all incorrect nine months after being disputed. The

difference in the amount may be the inclusion of interest, fees, charges or expenses beyond the principal amount, not agreed to by TEDESCHI or permitted by law in violation of 15 U.S.C. § 1692f(1).

**Answer:  Defendant has insufficient information and knowledge as to Experian's report, but denies that it violated any law.**

14.     As reporting is collection activity, *Edeh v. Midland Credit Management, Inc., 748 F. Supp. 2d 1030-Dist. Court Minessota 2010.* LVNV In reporting the alleged debt to consumer reporting agencies, Equifax, Experian and Trans Union. LVNV did communicate without prior consent of TEDESCHI with third parties in violation of FDCPA 15 U.S.C. § 1692c, 805(b).

**Answer:  LVNV denies the allegations.**

15.     LVNV had no communication with TEDESCHI other than these entries upon his credit file, at which time LVNV should have provided written notice of the alleged debt. FDCPA 15 U.S.C. § 1692c, 809(a).

**Answer:   LVNV denies that it had any communications with Plaintiff and denies that it was required to provide any alleged written notice.**

16.     LVNV knowingly and willfully on multiple occasions did make false, inaccurate entries to TEDESCHIS credit files in doing so using unfair and unconscionable means to collect or attempt to collect the alleged debt. FDCPA 15 U.S.C. § 1692c, 808.

**Answer:  LVNV denies the allegations.**

17.     LVNV knowingly and willfully on multiple occasions did make false, deceptive and misleading representation or means in connection with the collection of the alleged debt, such as, but not limited to the character, amount status, and to collect or attempt to collect the alleged debt and to obtain information concerning TEDESCHI in violation of FDCPA 15 U.S.C. § 1692e, 807.

**Answer:  LVNV denies the allegations.**

18. LVNV knowingly and willfully on multiple occasions did harass and abuse TEDESCHI have refusing to deleted inaccurate unverified, invalidated, inaccurate, false debt from his consumer credit reports in violation of FDCPA 15 U.S.C. § 1692d, 806.

**Answer:  LVNV denies the allegations.**

## Factual Background FDCPA

19. The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute that "imposes open-ended prohibitions on false, deceptive, or unfair debt collection practices." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559U.S. 573, 587. 130 S.Ct. 1605, 1615 (2010).

**Answer:  LVNV admits that Plaintiff cites to the referenced case law.**

20. The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

**Answer:  LVNV admits that Plaintiff purports to paraphrase the referenced statutory section.**

21. The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

**Answer:  LVNV admits that Plaintiff purports to paraphrase the referenced statutory sub-section.**

22. The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false. 15U.S.C. § 1692e(8).

**Answer:  LVNV admits that Plaintiff purports to paraphrase the referenced statutory sub-section.**

23.     The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §1692e(10).

**Answer:  LVNV admits that Plaintiff purports to paraphrase the referenced statutory sub-section.**

24.     The FDCPA states that it is unlawful for a debt collector to use unfair or Unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debtor permitted by law. 15 U.S.C. § 1692f(1).

**Answer:  LVNV admits that Plaintiff purports to paraphrase the referenced statutory sub-section.**

25.     The Defendants violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8), and (10), and 1692f(1). See, e.g., Watkins v. Peterson Enterprises, Inc.,57 F.Supp.2d 1102 (E.D. Wash. 1999).

**Answer:  LVNV denies the allegations.**

26.     The FDCPA is a strict liability statute and thus proof of one violation thereof is sufficient to support a finding of summary judgment in favor of a Plaintiff. Cacace v Lucas, 775 F. Supp. 502, 505 (D. Conn. 1991). Moreover, a plaintiff in such instances does not need to prove knowledge or intent. McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 952 (9th Cir. 2011). The Plaintiff also does not have to have suffered actual damages. Kistner v. Law Offices of Michael P. Margelefsky, LLC,518 F.3d 433, 437 (6th Cir. 2008).

**Answer:  LVNV admits that Plaintiff cites the referenced case law but denies that it violated any law.**

## COUNT I — FAIR DEBT COLLECTON PRACTICES ACT (FDCPA)

27. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18 as though fully set forth in this paragraph.

**Answer:  LVNV restates and realleges paragraph 1 through 26 of this answer as though fully set forth herein.**

28. At all times LVNV, in the ordinary course of its business regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**Answer:  LVNV denies the allegations.**

29. LVNV is a "debt collector" under the FDCPA 15 U.S.C. § 1692a(6).

**Answer:  LVNV denies the allegations.**

30. LVNV has engaged in violations of the FDCPA including, but not limited to the following:

    a. LVNV used generally false, misleading or unfair methods to collect a debt, in violation of the general prohibitions in 15 U.S.C. § 1692e.

    b. LVNV made a false representation of the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

    c. LVNV used unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of the general prohibition in violation of 15 U.S.C. § 1692f.

**Answer:  LVNV denies the allegations.**

31. TEDESCHI has suffered damages as a result of LVNV violations of the FDCPA.

**Answer:  LVNV denies the allegations.**

32. As a result of the Defendants' violations of the FDCPA, the Plaintiff is specifically entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants.

**Answer:  LVNV denies the allegations.**

## Factual Background FCRA

33.   The Fair Credit Reporting Act ("FCRA") provides civil liabilities by a private enforcement under 15 U.S.C. § 1681n & o.

**Answer:  LVNV restates and realleges paragraph 1 through 32 of this answer as though fully set forth herein.**

34.   FCRA grants private rights of action against furnishers of Information upon notice of dispute 15 U.S.C. § 1681s-2c, who have failed in their duties as outlined in 15 U.S.C. § 1681s-2(b) below:

> (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
> **(A)**   conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];
> **(B)**   report the results of the investigation to the consumer reporting agency;
> **(C)**   if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> **(D)**   if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> **(i)**   modify that item of information;
> **(ii)**   delete that item of information; or
> **(iii)**   permanently block the reporting of that item of information

**Answer:  LVNV admits that the FCRA provides as alleged but denies that it violated any law.**

## COUNT II — FAIR CREDIT REPORT ACT (FCRA)

35.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18 as though fully set forth in this paragraph.

**Answer:  LVNV restates and realleges paragraph 1 through 34 of this answer as though fully set forth herein.**

36.  LVNV is "furnisher" of information to credit reporting agencies.

**Answer:  LVNV admits the allegations.**

37.  LVNV failed to conduct an investigation that meets the standard of "fairly searching inquiry" *Boggio v. USAA Federal Savings Bank, 2012 WL 4478797 (6th Cir. Sept. 27, 2012)* as required by FCRA § 1681(s-2)(b)(1)(A) after disputes were filed by the Plaintiff with Equifax, Experian and Trans Union.

**Answer:  LVNV denies the allegations.**

38.  LVNV failed to review all data relevant in the disputes filed with Equifax, Experian and Trans Union in violation of FCRA § 1681(s-2)(b)(1)(B)•

**Answer:  LVNV denies the allegations.**

39.  LVNV failed to find the information incomplete or inaccurate and report correct results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis in violation of FCRA § 1681(s-2)(b)(1)(D).

**Answer:  LVNV denies the allegations.**

40.  LVNV failed to take appropriate action after five reinvestigations of Plaintiffs dispute claims and deleted the erroneous consumer report files in violation FCRA § 1681(s-2)(b)(1)(E).

**Answer:  LVNV denies the allegations.**

41.  TEDESCHI has suffered damages as a result of LVNV willful and knowing repeated violations of the FCRA.

**Answer:  LVNV denies the allegations.**

42.  As a result of the Defendants' violations of the FCRA, the Plaintiff is specifically entitled to any actual damages or statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A); such amount of punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from the Defendant.

**Answer: LVNV denies the allegations.**

## COUNT III — MICHIGAN OCCUPATIONAL CODE (MOC)

42. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18 as though fully set forth in this paragraph.

**Answer: LVNV restates and realleges paragraph 1 through 41 of this answer as though fully set forth herein.**

43. LVNV is a "collection agency" as that term is defined in M.C.L. § 339.901(b).

**Answer: LVNV denies the allegations.**

44. LVNV foregoing actions constitute violations of the Michigan Occupation Code M.C.L. § 339.915 including but not limited to the following:

   a. (a) Communicating with a debtor in a misleading or deceptive manner.

   b. (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

   c. (f) Misrepresenting in a communication with a debtor any of the following:

   (i) The legal status of a legal action being taken or threatened.

   (ii) The legal rights of the creditor or debtor.

   d. (n) Using a harassing, oppressive or abusive method to collect a debt.

   e. (m) To "otherwise bring to public notice that the consumer is a debtor,"

      f.      (q) Failing to implement procedures designed to prevent a violation by an employee.

**Answer:  LVNV denies the allegations.**

    45.    TEDESCHI has suffered damages as a result LVNV willful violations of the Michigan Occupational Code.

**Answer:  LVNV denies the allegations.**

    46.    Due to the Defendants' willful violations of the MOC, the Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916.

**Answer:  LVNV denies the allegations.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of LVNV.

### THIRD DEFENSE

Plaintiff may lack standing to assert some or all of the claims in his complaint.

### FOURTH DEFENSE

Any violation of law, which LVNV denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### FIFTH DEFENSE

Any violation of law or damages suffered by Plaintiff was the result of the actions of a third party, or of Plaintiff himself.

### SIXTH DEFENSE

LVNV reserves the right to assert additional defenses upon further

3069854v1

particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.


Dated:  January 4, 2016                    ATTORNEYS FOR DEFENDANT
                                           LVNV FUNDING LLC


                                           s/ Michael S. Poncin
                                           Michael S. Poncin (MN 296417)
                                           MOSS & BARNETT
                                           150 South Fifth Street
                                           Suite 1200
                                           Minneapolis, MN 55402
                                           Tel:  612.877.5290
                                           Fax:  612.877.5056
                                           Mike.poncin@lawmoss.com

3069854v1